IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HENRY LAW FIRM                                                    PLAINTIFF

V.                           CASE NO. 5:18-CV-5066

CUKER INTERACTIVE, LLC, and
ADEL ATALLA                                                       DEFENDANTS

and

CUKER INTERACTIVE, LLC, and
ADEL ATALLA                                                       THIRD PARTY PLAINTIFFS

V.

PILLSBURY WINTHROP SHAW PITTMAN, LLP;
CALLIE BURJSTROM; and
MARK MURPHEY HENRY                                                THIRD PARTY DEFENDANTS

## OPINION AND ORDER

Currently before the Court are a Motion to Require Filing Under Deal (Doc. 37) and Brief in Support (Doc. 38) filed by Defendants Cuker Interactive, LLC ("Cuker") and Adel Atalla. Plaintiff Henry Law Firm ("HLF") has filed a Response in Opposition (Doc. 43), and the matter is now ripe for decision.

Defendants' Motion is unusual in that it does not seek the Court's permission to file a specific document under seal. Instead, Defendants ask the Court to prospectively require the under-seal filing of *all* documents filed by *any* party, if the documents fall under three broad categories of subject matter, namely: (1) "any information containing attorney-client communications"; (2) "information that may be covered by the attorney work product privilege"; and (3) "any information regarding the trade secrets alleged by Cuker" in the

underlying litigation, *Wal-Mart Stores, Inc. v. Cuker Interactive, LLC*, Case No. 5:14-CV-05262 ("Walmart case").

In evaluating a motion to seal, the Court is mindful of the fact that the public enjoys a common-law right of access to court filings in civil suits. This access is extremely important, as it "bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Id.* at 1223.

Here, Cuker and Atalla have filed a countersuit against HLF and a Third Party Complaint against Pillsbury, Winthrop, Shaw, Pittman, LLP ("Pillsbury"), Callie Burjstrom (a partner at Pillsbury), and Mark Murphy Henry (a partner at HLF), arguing that Cuker and Atalla are not obligated to pay their attorneys' legal fees for work done in the Walmart case because their counsel's legal services were so substandard that they amounted to legal malpractice and a breach of fiduciary duties. These legal malpractice claims also apparently form the basis for Cuker's and Atalla's affirmative defenses to HLF's claim for breach of legal services contract. It is therefore clear that Cuker and Atalla have placed the nature and substance of their relationship with their former counsel at the very center of this case.

As the Eighth Circuit explained in *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974):

> [a] client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence.

Similarly, in *Baker v. General Motors Corp.*, 209 F.3d 1051, 1055 (8th Cir. 2000), the Court of Appeals emphasized that "when a client uses reliance on legal advice as a defense or when a client brings a legal malpractice action," the client necessarily waives the attorney-client privilege. The same goes for the privilege associated with an attorney's opinion work product. When an attorney's "mental impressions, conclusions, opinions or legal theories" are material to proving certain claims—including legal malpractice—the opinion work product loses its ordinary cloak of protection and becomes subject to public disclosure. *Id.* As the *Tasby* Court observed, "[s]urely a client is not free to make various allegations of misconduct and incompetence while the attorney's lips are sealed by invocation of the attorney-client privilege." 504 F.2d at 336.

The Court also refuses to preemptively seal, at Cuker's and Atalla's request, "any information regarding the trade secrets alleged by Cuker" in the Walmart case. First, the Court cannot fathom how Cuker's proprietary, trade-secret information would make its way into filings in this case. Certainly, if one of the parties sought to file an exhibit that contained Cuker's actual software code, that code would likely be appropriate for filing under seal. But such a filing is not presently contemplated here. The Court expects that filings in the instant matter will include only general descriptions of Cuker's trade secrets and the legal arguments made in support of them, and there is no justification for sealing such filings from the public's view. Second, the Court remains cognizant of the fact that the Walmart case was tried to a jury over the course of two weeks, and the courtroom was

never closed to the public during the trial. It follows that, absent the entry of a protective order or a party's specific request to file a document under seal, the filings in this case should remain a matter of public record.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Require Filing Under Seal (Doc. 37) is **DENIED**. The denial of the Motion is without prejudice, as the Court can envision a future motion that could possibly request the sealing of specific trade secret or other proprietary evidence.

**IT IS SO ORDERED** on this 22nd day of August, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE