IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HENRY LAW FIRM     PLAINTIFF/COUNTER-DEFENDANT

V.     CASE NO. 5:18-CV-5066

CUKER INTERACTIVE, LLC
and ADEL ATALLA     DEFENDANTS/COUNTER-PLAINTIFFS

and

CUKER INTERACTIVE, LLC, and
ADEL ATALLA     THIRD PARTY PLAINTIFFS

V.

PILLSBURY WINTHROP SHAW PITTMAN, LLP;
CALLIE BJURSTROM; and
MARK MURPHEY HENRY     THIRD PARTY DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Now pending before the Court are the following:

- Plaintiff/Counter-Defendant Henry Law Firm's ("HLF") and Third Party Defendant Mark Murphey Henry's joint Motion to Dismiss (Doc. 39) and Brief in Support (Doc. 40), Defendants/Counter-Plaintiffs/Third Party Plaintiffs Cuker Interactive, LLC's ("Cuker") and Adel Atalla's Amended Response in Opposition (Doc. 57) and Amended Brief in Support (Doc. 58), and HLF's and Henry's Reply (Doc. 64);

- Third Party Defendants Pillsbury, Winthrop, Shaw, Pittman, LLP's ("Pillsbury") and Callie Bjurstrom's Motion to Dismiss (Doc. 60) and Brief in Support (Doc. 61); and

- Cuker's and Atalla's Notice of Voluntary Dismissal of Third Party Defendants Pillsbury and Bjurstrom (Doc. 67).

The Court will begin by addressing Cuker's and Atalla's Notice of Voluntary Dismissal of Pillsbury and Bjurstrom, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). The Court finds the Notice to be in order, and Pillsbury and Bjurstrom are therefore **DISMISSED WITHOUT PREJUDICE** from the case. The Clerk of Court is **DIRECTED** to terminate Pillsbury and Bjurstrom as parties to this action. In light of this dismissal, Pillsbury's and Bjurstrom's Motion to Dismiss (Doc. 60) is now **MOOT**.

The only issue that remains for the Court to resolve at this time is HLF's and Henry's joint Motion to Dismiss the Amended Counterclaim and Third Party Complaint. Cuker and Atalla contend that HLF and Henry committed legal malpractice when representing Cuker in *Wal-Mart Stores, Inc. v. Cuker Interactive, LLC*, Case No. 5:14-CV-5262 ("the Walmart case"). The undersigned presided over that case, which eventually went to trial and resulted in a multi-million dollar jury verdict in Cuker's favor on its counterclaims against Walmart. A summary of the facts of the Walmart case appears in the Court's Order at Doc. 15, so the Court sees no particular need to restate those facts here. Suffice it to say that after Cuker prevailed on its counterclaims, Cuker then successfully petitioned the Court for an award of attorneys' fees on behalf of its lead trial counsel, Mr. Henry, and on behalf of the attorneys and staff of HLF who worked on the case.

Soon after the Walmart trial concluded, the Court also issued a ruling on Walmart's pending Rule 50(b) motion, effectively reducing Cuker's damages award from over $10,000,000.00 to $745,021.00. Cuker filed a notice of appeal as to the reduction in damages (as well as other issues), and Walmart filed a cross-appeal. The appeal and cross-appeal are still awaiting resolution by the Eighth Circuit. In the meantime, HLF filed the instant Complaint, alleging that Cuker has refused to pay HLF's legal bills. In response,

Cuker maintains that Henry and HLF *owe them* damages for committing legal malpractice, due to their alleged negligent handling of the Walmart case. They ask the Court to first adjudicate their Amended Counterclaim/Third Party Complaint for legal malpractice, and then offset any award they may receive on that claim against what they still—admittedly—owe HLF. *See* Doc. 32, p. 3 ("Defendants admit the allegations in paragraph 11 of the Complaint that Cuker has not paid the amounts demanded . . . . Defendants assert they are entitled to a defense of setoff, arising from damages sustained by Cuker, and proximately caused by the actions of Plaintiff, as alleged in the Amended Counterclaim hereinafter asserted.").

## II. LEGAL STANDARD

To survive a motion to dismiss, a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept as true all factual allegations set forth in the complaint by the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* In other words, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

## III. DISCUSSION

Since the Amended Counterclaim and Third Party Complaint allege a single cause of action for legal malpractice, the Court will begin its discussion by defining the contours of that claim under Arkansas law. According to the Arkansas Supreme Court:

> An attorney is negligent if he or she fails to exercise reasonable diligence and skill on behalf of the client. In order to prevail on a claim of legal malpractice, a plaintiff must prove that the attorney's conduct fell below the generally accepted standard of practice and that such conduct proximately caused the plaintiff damages. In order to show damages and proximate cause, the plaintiff must show that but for the alleged negligence of the attorney, the result in the underlying action would have been different. An attorney is not liable to a client when, acting in good faith, he or she makes mere errors of judgment. Moreover, attorneys are not, as a matter of law, liable for a mistaken opinion on a point of law that has not been settled by a court of highest jurisdiction and on which reasonable attorneys may differ.

*Pugh v. Griggs*, 327 Ark. 577, 581-82 (1997) (internal citations omitted). In other words, as long as an attorney acts in good faith—even if he or she makes errors of judgment—the attorney will not be liable for legal malpractice.

Attorney/client disagreements over which matters to pursue in discovery or which claims to focus on for trial are not uncommon. Even the finest attorneys occasionally lose an argument, and the loss is surely frustrating to the client. Hindsight, as the saying goes, is always 20/20, and it is not surprising when a client who is dissatisfied with a court's ruling second-guesses his attorney's decision-making—even though the decisions were made

4

reasonably and in good faith. If the law were such that a client could bring a viable claim of legal malpractice simply because he disagreed with his attorney or was dissatisfied with an outcome, the courts would be flooded with legal malpractice lawsuits. Clearly, the bar for stating a claim for legal malpractice is much higher than that.

In reviewing Cuker's and Atalla's lengthy brief in support of their Amended Response to the Motion to Dismiss, it is evident that they seek to fully relitigate the Walmart case from beginning to end and second-guess every decision that Henry and the attorneys at HLF made on their behalf in the lawsuit. For example, they argue that Henry and HLF committed malpractice because they: (1) "presented only 6 out of 14 trade secrets to the Court and ultimately to the jury," (Doc. 58, p. 6); (2) tried but ultimately failed to convince the Court that Cuker had made sufficient efforts to maintain confidentiality and secrecy as to certain of its alleged trade secrets, *id.* at 19; (3) failed to apply to the Court for a preliminary injunction by "no later than June 2016," *id.*, even though Cuker was aware that it "may very well have been denied the injunction," *id.* at 20; (4) failed to prevail on Cuker's claim for fraud in the inducement on summary judgment; and (5) failed to conduct sufficient discovery into certain matters related to Cuker's trade secrets claims.[1]

Nothing in Cuker's and Atalla's briefing, and indeed none of the facts cited more generally in the Amended Counterclaim, states a claim for legal malpractice. Cuker and Atalla are clearly dissatisfied with a number of rulings they received from this Court during the Walmart case, and they now seek to delay paying their trial attorneys while the matter

---

[1] Incredibly, Cuker and Atalla go so far as to speculate that *if only* Henry and HLF had conducted discovery a bit differently, and *if only* they had uncovered certain Walmart.com computer codes and Walmart-specific financial information, all of this "would have caused Judge Brooks to rule differently" on their trade secret claims on summary judgment. *Id.* at 31.

5

is up on appeal. The Court will not countenance Cuker's and Atalla's delay tactics further, and the Amended Counterclaim and the Third Party Complaint will be dismissed for failure to state a claim. The matter will proceed on HLF's Complaint for breach of legal services contract.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Mark Murphey Henry's and Henry Law Firm's Motion to Dismiss Pursuant to Rule 12 (Doc. 39) is **GRANTED**. The Amended Counterclaim (Doc. 32) is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(6), and Mr. Henry is **DISMISSED** from the Third Party Complaint (Doc. 32) **WITHOUT PREJUDICE** pursuant to Rule 12(b)(6).

**IT IS FURTHER ORDERED** that in light of Cuker Interactive, LLC's and Adel Atalla's Notice of Voluntary Dismissal under Rule 41, Third Party Defendants Pillsbury, Winthrop, Shaw, Pittman, LLP and Callie Bjurstrom are **DISMISSED WITHOUT PREJUDICE** from the Third Party Complaint (Doc. 32).

**IT IS FURTHER ORDERED** that Pillsbury's and Bjurstrom's Motion to Dismiss (Doc. 60) is **MOOT**.

The Court will shortly issue a case management order in this matter, setting a trial date and related deadlines.

**IT IS SO ORDERED** on this 10th day of October, 2018.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE