IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**HENRY LAW FIRM**                                                                             **PLAINITFF**

**VS.**                                                    **CASE NO. 5:18-CV-5066**

**CUKER INTERACTIVE, LLC and**                                                **DEFENDANTS**
**ADEL ATALLA**

**MEMORANDUM IN SUPPORT OF MOTION BY DEBORAH A. WOLFE,
APPEARING *PRO HAC VICE* FOR DEFENDANTS, TO WITHDRAW**

    Attorney Deborah A. Wolfe and Wolfe Legal Group, P.C. hereby move to withdraw from representing Defendants Cuker Interactive, LLC ("Cuker") and Adel Atalla ("Atalla").

    Under the Arkansas Rules of Professional Conduct, a lawyer ***shall*** withdraw from representing a client if any one of three circumstances exists:

> (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if;
>
>     (1) the representation will result in violation of the rules of professional conduct or other law;
>
>     (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or
>
>     (3) the lawyer is discharged.

Rule 1.16(a).[1]

    A lawyer ***may*** withdraw from representing a client if any one of the seven enumerated circumstances exists:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
>
>     (1) withdrawal can be accomplished without material adverse effect on the interests of the client;

---

[1] Citations and references to "Rules" are to the Arkansas Rules of Professional Conduct.

>  (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>
>  (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>
>  (4) a client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>
>  (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
>  (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
>  (7) other good cause for withdrawal exists.

Rule 1.16(b)

As both (a) and (b) indicate, the lawyer's withdrawal is subject to the provisions of subparagraph (c), which requires a lawyer to file a court's rules when seeking to withdraw from representing a client in a case pending before the court:

> A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

Rule 1.16(c). This Court's Local Rule 83.5(f) prohibits withdrawal without leave of court and notice to the client and opposing counsel: "No attorney shall withdraw from an action or proceeding except by leave of Court after reasonable notice has been given to the client and opposing counsel." The Motion and this Memorandum are being served on opposing counsel and are being provided to Defendants. Declaration of Deborah A. Wolfe, filed herewith, ¶ 5.

The Comment to Rule 1.16 discusses that a court may want an explanation as to why withdrawal is mandatory, and acknowledges that a lawyer may be prevented from providing an

explanation to avoid improper disclosure of confidential client information. The lawyer's explanation that withdrawal is mandatory "should be accepted as sufficient":

> The court may request an explanation for the withdrawal, while the lawyer may be bound to keep confidential the facts that would constitute such an explanation. The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient.

Rule 1.16, Comment 3.

Indeed, Ms. Wolfe cannot disclose why withdrawal is mandatory without disclosing confidential client information. However, she attests that withdrawal is indeed mandatory. Wolfe Declaration, ¶ 2.

Ms. Wolfe also attests that at least two of the grounds for permissive withdrawal also exists. Again, Ms. Wolfe cannot explain why without disclosing confidential client information. Wolfe Declaration, ¶ 2.

Permissive withdrawal is only permitted if "withdrawal can be accomplished without material adverse effect on the interests of the client." Rule 1.16(b)(1). Ms. Wolfe has taken steps to ensure that there will be no adverse effect on the Defendants' interests if she is permitted to withdraw. Because of Cuker's Chapter 11 bankruptcy filing, the case is automatically stayed as to Cuker under 11 U.S.C. § 362(a). Dkt. 104. There can be no harm to Cuker by withdrawal because of the stay. Additionally, Ms. Wolfe waited to file this Motion until after she and Mr. Worthington had already prepared and filed Atalla's Pre-Trial Disclosure Sheet (Dkt. 108) and Atalla's Response in Opposition to Plaintiff's Motion for Summary Judgment (Dkt. 109).

Moreover, Defendants have been and continued to be represented by Lloyd "Tré" Kitchens. Mr. Kitchens represented Defendants in this case even before Ms. Wolfe was admitted *pro hac vice* and thus is fully familiar with the facts, issues, and procedural developments in this case. Mr. Kitchens is an Arkansas attorney and thus has full familiarity with the Court's

practices and procedures so as to be able to represent Defendants going forward. Trial is scheduled to begin January 22, 2019. It cannot proceed as to Cuker based on the automatic bankruptcy stay. To the extent trial proceeds as to Atalla, Mr. Kitchens is capable of representing Atalla's interests because of his familiarity with this case.

    Ms. Wolfe notified Defendants of the grounds for withdrawal, and provided Defendant with a reasonable opportunity to cure the circumstances giving rise to the basis for withdrawal. Defendants did not take the steps necessary to cure the basis for withdrawal. Wolfe Declaration, ¶ 4.

    Ms. Wolfe and Wolfe Legal Group, P.C. therefore respectfully request leave to withdraw as counsel for Defendants in this case.

                                                   Respectfully Submitted,

Dated: December 20, 2018               /s/ Deborah A. Wolfe
                                          Deborah A. Wolfe
                                          Pro Hac Vice
                                          WOLFE LEGAL GROUP, P.C.
                                          402 W. Broadway, Suite 400
                                          San Diego, CA 92101
                                          Telephone: (619) 234-3363
                                          Facsimile: (619) 231-1989
                                          dwolfe@wolfelegalgroup.com

## CERTIFICATION OF SERVICE

    I hereby certify that on the 20th day of December, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which shall send notification of such filing to the following:

        Tim Cullen, Esq.                Lloyd "Tre" Kitchens
        tim@cullenandcompany.com      tkitchens@bradhendricks.com

                                            /s/ Deborah A. Wolfe
                                            Deborah A. Wolfe