**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**HENRY LAW FIRM**                                                                        **PLAINTIFF**

**V.**                        **CASE NO. 5:18-CV-5066**

**CUKER INTERACTIVE, LLC
and ADEL ATALLA**                                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Now pending before the Court are the following:

- Plaintiff Henry Law Firm's ("HLF") Motion for Summary Judgment (Doc. 92), Brief in Support (Doc. 93), and Statement of Facts (Doc. 94); Defendant Cuker Interactive, LLC's ("Cuker") Notice of Automatic Stay (Doc. 104) due to Chapter 11 bankruptcy; Defendant Adel Atalla's Response in Opposition to the Motion for Summary Judgment (Doc. 109) and separate Statement of Facts (Doc. 110); and HLF's Reply (Doc. 121);

- Cuker's and Atalla's joint Motion to Stay Entire Case (Doc. 105) and HLF's Response in Opposition (Doc. 122); and

- Atalla's Counter-Motion for Summary Judgment (Doc. 112), Brief in Support (Doc. 113), and Statement of Facts (Doc. 114); HLF's Response in Opposition (Doc. 123); and Atalla's Reply (Doc. 125).

For the reasons explained herein, HLF's Motion for Summary Judgment is **GRANTED** as to Atalla but **DEFERRED** as to Cuker; Cuker's and Atalla's Motion to Stay Entire Case is **DENIED**; and Atalla's Counter-Motion for Summary Judgment is **DENIED**.

# I. BACKGROUND

In this case, HLF alleges that its former client, Cuker, and Cuker's personal guarantor, Atalla, breached HLF's legal services contract.[1] HLF's attorneys previously represented Cuker in a litigation presided over by the undersigned, called *Wal-Mart Stores, Inc. v. Cuker Interactive, LLC*, Case No. 5:14-CV-5262 ("the Walmart case"). The case culminated in a two-week jury trial and a verdict in Cuker's favor. After the trial concluded, this Court issued a ruling on Walmart's Rule 50(b) motion, which had the effect of reducing Cuker's damage award from over $10,000,000.00 to $745,021.00. In that same order, the Court also ruled on Cuker's motion for attorney's fees and costs, finding that Cuker was entitled to a reasonable attorney's fee totaling $2,174,073.11. *See* Doc. 15, pp. 3-4.

After the Court issued its rulings on the post-trial motions, Cuker filed a notice of appeal as to the reduction in damages (as well as other issues), and Walmart filed a cross-appeal. The appeal and cross-appeal are still awaiting resolution by the Eighth Circuit. Importantly, for purposes of the instant lawsuit, it is undisputed that a certain amount of fees remain unpaid to HLF. This refusal to pay prompted HLF to file this lawsuit. Cuker and Atalla countersued HLF and filed a third-party complaint against Mark Henry, a partner at HLF and Cuker's lead trial counsel in the Walmart case, contending that they were well-justified in refusing to pay HLF's fees because HLF committed legal malpractice during the course of the Walmart trial, the effect of which being that Cuker and Atalla were either entitled to a substantial set off against the attorney's fee demand, or else were *owed* damages for legal malpractice.

---

[1] In this case, HLF seeks fees for the unpaid balance of attorney's fees due them.

On October 10, 2018, the Court issued an order (Doc. 69) finding that Cuker and Atalla had failed to state a claim for legal malpractice against HLF and Henry, and, thus, dismissed both the counterclaim and third party complaint. Following these dismissals, little, if anything, remained in the way of substantive defenses to HLF's action for unpaid attorney's fees in this case. Atalla's only separate defense was that the legal services contract between Cuker and HLF did not constitute a legally binding personal guaranty that obligated him to cover Cuker's debt to HLF. He argued that the guaranty was invalid despite the fact that the contract identified him as "guarantor" of Cuker's legal services debt, and despite the fact that Atalla signed the contract in *two separate places*, one identifying him as "Adel Atalla, individual guarantor," and one identifying him as "President" of Cuker Interactive, LLC. *See* Doc. 1, pp. 7-8.

Relatively soon after the Court dismissed Cuker's and Atalla's counterclaim and third-party complaint, HLF filed its Motion for Summary Judgment against both Defendants. Then, in a turn of events, Cuker informed the Court just before its response to the motion was due that it had filed for Chapter 11 bankruptcy. According to 11 U.S.C. § 362, Cuker's bankruptcy filing triggered an automatic stay of all proceedings against it in this case. But what of Atalla? Since he did not file for personal bankruptcy, no automatic stay applied to him. Further, he did not move the court presiding over Cuker's bankruptcy for an order extending the stay to himself. *See Croyden Assoc. v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir. 1992) (explaining that automatic stays are not generally available to nonbankrupt codefendants, "even if they are in a similar legal or factual nexus with the debtor").

Perhaps realizing that this case would proceed against Atalla despite Cuker's bankruptcy, the Defendants jointly moved this Court on December 13, 2018 to stay

3

proceedings against Atalla, as well. In support of the motion, the Defendants urged the Court to simply use its broad discretionary powers to implement a stay, arguing that this would be a more efficient use of the Court's time and pointing out that the Court would be hard-pressed to make an ultimate decision as to the extent of Atalla's liability without also drawing Cuker into the fray in violation of the stay. Defendants summarized their argument in favor of a discretionary stay of Atalla's case as follows:

> Thus, if the entire case is not stayed, even the case against Atalla, the result could be one trial against Atalla in January 2019—the currently scheduled trial date—where a main issue will be Cuker's liability under the contract, and a *second* trial against Cuker, involving the same issue of Cuker's liability under contract, after the automatic stay is lifted.

(Doc. 106, p. 2 (emphasis in original)).

In countering the motion to stay, HLF pointed out that the legal services contract at issue is unambiguous, and, therefore, nothing prevents the Court from examining the four corners of the contract and deciding as a matter of law whether the personal guaranty legally obligates Atalla to assume Cuker's legal services debts. As to the amount owed by Atalla, HLF reasoned that this figure is not in dispute, as Cuker previously asked this very Court in the Walmart case to award the same fees and costs that Cuker and Atalla now dispute. HLF believes the doctrine of judicial estoppel should apply to Atalla and bar him from disputing the fee award the Court previously awarded in the Walmart case.

Though the Court will defer its decision on summary judgment with respect to Cuker, it is proper to take up the ripe summary judgment issues concerning Atalla now. In Atalla's counter-motion for summary judgment, he contends that his personal guaranty is legally unenforceable because the contract at issue fails to specifically define "when the supposed guarantor would become liable on the supposed guaranty, [and] to what extent the

supposed guarantor is obligated." (Doc. 113, p. 3). He also believes there is a genuine, material dispute of fact as to the reasonableness of HLF's fee demand in light of: (1) certain billing rates charged by two HLF attorneys, John Pesek and Adam Hopkins, which Atalla claims were not agreed to by himself or Cuker, and (2) HLF's alleged practice of "block-billing," which Atalla contends fails to offer sufficient detail about the particular legal services provided and should be discounted by the Court when awarding attorney's fees.

Below, the Court will first turn its attention to Defendants' Motion to Stay the Entire Case (Doc. 105). Next, the Court will rule on HLF's Motion for Summary Judgment as to Atalla (Doc. 92) and on Atalla's Counter-Motion for Summary Judgment (Doc. 112).

## II. LEGAL STANDARD

### A. Motion to Stay

Cuker and Atalla have jointly moved the Court to use its discretion to stay proceedings against Atalla, in light of Cuker's filing for Chapter 11 bankruptcy. Defendants do not invoke the bankruptcy code or any provision of the code's automatic stay provision at 11 U.S.C. § 362(a) to justify staying the instant case against Atalla. Instead, Defendants ask the Court to use its plenary powers to stay the case for efficiency's sake. They argue such a stay "makes sense here" because it "will avoid the potential of two separate trials on the same, main issue . . . ." (Doc. 106, p. 3).

The Court has the inherent power to control its own docket, including the power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). How to best manage the Court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254-55.

### B. Motions for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When, as here, cross-motions for summary judgment are filed, each motion should be reviewed in its own right, with each side "entitled to the benefit of all inferences favorable to them which might reasonably be drawn from the record." *Wermager v. Cormorant Twp. Bd.*, 716 F.2d 1211, 1214 (8th Cir. 1983). The Court must view the facts in the light most favorable to the non-moving party, and give the non-moving party the benefit of any logical inferences that can be drawn from the facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212–13 (8th Cir. 1997). The moving party bears the burden of proving the absence of any material factual disputes. Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

If the moving party meets this burden, then the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting then-Fed. R. Civ. P. 56(e)) (emphasis removed). These facts must be "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The nonmoving party must do more than rely on allegations or denials in the pleadings, and the court should grant summary judgment if any essential element of the prima facie case is not supported by specific facts sufficient to raise a genuine issue for trial." *Register v. Honeywell Fed. Mfg. & Techs., LLC*, 397 F.3d 1130, 1136 (8th Cir. 2005) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 324 (1986)).

## III. DISCUSSION

### A. Motion to Stay Entire Case (Doc. 105)

The Court **DENIES** Defendants' joint request to stay the case as to Atalla. As explained previously in this Order, the Court could, if it chose, stay the case if it determined it was necessary to promote judicial efficiency, or perhaps to avoid conflicting outcomes in the overall administration of justice. Here, however, the Court finds that the administration of justice would be utterly thwarted by staying the case against Atalla. As will be explained below, the Court finds as a matter of law that Atalla is legally bound as personal guarantor of Cuker's debt to HLF—the amount of which has already been deemed reasonable by this Court in a separate judicial proceeding and cannot be disturbed pursuant to the doctrine of judicial estoppel. As Atalla has no basis to argue that a genuine, material dispute of fact exists as to either his liability on the debt or the amount of the debt, it serves no purpose to delay this decision until after Cuker's bankruptcy concludes. However, the Court finds that this ruling against Atalla does not operate as a ruling against Cuker at this time; instead, the Court intends to take up the matter of Cuker's liability if and when the bankruptcy stay is lifted.

### B. HLF's Motion for Summary Judgment (Doc. 92) and Atalla's Counter-Motion for Summary Judgment (Doc. 112)

Because Cuker filed for bankruptcy before its response to HLF's Motion for Summary Judgment was due, the Motion against Cuker is not ripe. Accordingly, the Court **DEFERS RULING** on HLF's Motion for Summary Judgment as it pertains to Cuker and will take it up again if and when the stay is lifted, and only after Cuker is afforded an opportunity to file a response to the motion.

Focusing now on the issues that are ripe for summary judgment, HLF's motion

7

against Atalla and Atalla's counter-motion against HLF have been fully briefed and are ready for decision. First of all, it is clear the legal services contract to which HLF, Cuker, and Atalla were parties (Doc. 1, pp. 6-8) is unambiguous and constitutes a legally binding guaranty that Atalla would personally assume responsibility for Cuker's debts under the contract. There is no dispute that the contract is unambiguous, as both HLF and Atalla acknowledge this very point in their briefing to the Court. Atalla, however, believes that the personal guaranty contained within the contract fails to bind him as a matter of law because it does not specify any terms, separate and apart "from those of the principal obligation." (Doc. 113, p. 4). He asserts that a guaranty must have its "own terms," but he does not specify what terms, exactly, should have been included in the agreement, but weren't. He also fails to explain why the terms that do appear in the agreement and refer specifically to the guaranty are insufficient to explain the nature and extent of that legal obligation. Instead, he asks the Court to simply conclude that "the one reference to Atalla as guarantor in the first paragraph, and a signature block identifying Atalla as 'individual guarantor'" are not "distinct" enough terms to create a valid personal guaranty. *Id.* at 3-4.

The Arkansas Supreme Court has defined a guarantor as "one who makes a contract, which is distinct from the principal obligation, to be collaterally liable to the creditor if the principal debtor fails to perform." *First Commercial Bank, N.A. v. Walker*, 333 Ark. 100, 112 (1998). This definition is straightforward and, in the Court's view, requires no further explanation. Examining the legal services contract at issue in this case reveals that Atalla is defined as the "guarantor" of Cuker's legal services debt to HLF. The Court is unaware of what further "terms" must be set forth explicitly in the contract to make that obligation enforceable. The face of the contract itself reveals that Atalla manifested his

understanding that his guaranty was a separate obligation, distinct from the principal obligation. He signed the contract twice: once on behalf of Cuker as President of the company, and a second time as the personal guarantor of Cuker's debts.[2] Critically, Atalla does not contend on summary judgment that he lacked capacity to enter into the contract, that he signed the contract under duress or undue influence, or that the contract was the product of fraud. His argument about the enforceability of the guaranty is therefore frivolous, and his apparent regret at having personally vouched for Cuker does not undermine the legal force of his guaranty. Atalla is collaterally liable to HLF for Cuker's legal services debts in the Walmart case.

Moving on to the issue of damages, Atalla asks this Court to reconsider the reasonableness of the attorney's fees already awarded to Cuker in the Walmart case and make some further deductions here and there. He takes a fresh look at HLF's bills from years ago for work undertaken in the Walmart case and contends that two of HLF's attorneys billed at a higher rate than Cuker and HLF agreed upon. Also, after scrutinizing the individual entries by these attorneys, Atalla argues that some of the descriptions of their legal services are vague and could, therefore, be deemed unreasonable by the Court if it decided to take a second look, perhaps with a more critical eye.

With respect to Atalla's collateral attack on HLF's billing rates and individual billing

---

[2] A close look at the preamble to the contract also indicates that it is intended to be an agreement "between Henry Law Firm ('HLF') and Cuker Interactive, LLC *and Adel Atalla (guarantor) (together 'Client')* . . . ." (Doc. 1, p. 6 (emphasis added)). Therefore, when the contract later refers to the term "Client," that word has already been specifically defined to include both Cuker and Atalla. In addition, when the last paragraph of the contract states that "[b]y Client's signature below, Client . . . agrees to be bound by the terms of this Agreement as stated above," *id.* at 8, this language means that Atalla—who signed the contract on behalf of himself and on behalf of Cuker under the heading "Client"—agreed and assented to every term of the contract that bound Cuker and HLF.

9

entries, the Court emphasizes that it *already scrutinized these bills*, and in ruling on Cuker's own petition for fees in the Walmart case *already determined* that HLF's request for attorney's fees was reasonable. Atalla's post-hoc critique of the bill is a transparent act of bad faith. It is a last-ditch attempt to delay paying the bill until after the appeal of the Walmart case has concluded. Atalla's avoidance measures end today.

Judicial estoppel upholds the "integrity of the judicial process" by preventing "parties from deliberately changing positions according to the exigencies of the moment," whether in the same legal proceeding or a previous one." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595,598 (6th Cir. 1982)). There is, perhaps, no better example of a party deliberately changing positions according to the financial "exigencies of the moment" than Cuker's and Atalla's behavior in this case. Atalla is judicially estopped from disputing the Court's order granting Cuker's motion for HLF's attorney's fees in the Walmart case, for the reasons set forth below.

In the Walmart case, Cuker filed a motion for attorneys' fees and costs and a brief in support. *See* Case No. 5:14-CV-5262 at Docs. 473 and 474. The motion claimed fees and costs on behalf of Cuker's attorneys, including those working for HLF, which is a law firm based in Northwest Arkansas, and on behalf of several out-of state attorneys who also performed legal work for Cuker. To be clear, Cuker's motion requested a total fee of $4,057,709.04 for *all* of its attorneys. Walmart opposed the motion by arguing, in large part, that the fees demanded by the out-of-state attorneys did not correspond to the prevailing market rate.[3] *See* Case No. 5:14-CV-5262, Doc. 480, pp. 2-3. Walmart also

---

[3] Walmart also argued, and the Court agreed in part, that the fee award should be reduced to reflect Cuker's marginal success. But the point here is that the reasonableness of HLF's fees have already been judicially determined by this Court, and neither Cuker, nor Atalla as guarantor, may now relitigate the reasonableness of the fees already awarded by this

10

argued against awarding fees to members of an out-of-state law firm who assisted Cuker's lead counsel, Mark Henry, but never entered an appearance in the case. *See id.* at 3. In ruling on the motion for fees in an omnibus order, the Court agreed with Walmart that the hourly rates charged by Cuker's *out-of-state attorneys* were not in line with prevailing rates in Northwest Arkansas. The Court discounted the total fee request accordingly. *See* Case No. 5:14-CV-5262, Doc. 524, p. 43. Crucially, this ruling did not affect HLF's claimed rates and fees in the slightest.[4] The total amount of fees awarded by the Court in the Walmart case was $2,174,073.11. *Id.*

An affidavit and spreadsheet submitted by Mr. Henry in the instant action explain that, as of November 23, 2018, the total amount still owed by Cuker for HLF's share of the attorney's fees awarded by the Court in the Walmart case is $1,193,730.40, with interest accruing at a contracted-for rate of 6%. *See* Docs. 92-1, 92-36, 1. As of today's date, January 4, 2019, the amount owed, including interest, is $1,201,802.32. (Doc. 92-36, p. 23). Atalla disagrees with this amount only to the extent that he wishes to relitigate the entire issue of the fees the Court awarded HLF in the Walmart case. For example, Atalla's attorney, Brian Worthington, claims in an affidavit addressed to the Court that he reviewed the original time sheets and invoices submitted by HLF to Cuker and believes the hourly rates charged by two of HLF's attorneys, John Pesek and Adam Hopkins, are overstated. See Doc. 109-2, pp. 1-2. *Those rates, however, were already approved by the Court in its order awarding fees to HLF in the Walmart case.* Atalla also generally argues that HLF's

---

Court's Amended Judgment in the Walmart litigation.

[4] The Court also agreed to Walmart's request to discount the fee for the attorneys of the out-of-state law firm that never entered an appearance in the case. Again, this decision by the Court did not reduce the total amount of *HLF's* fee request. *See id.*

11

alleged practice of "block-billing" in the Walmart case creates a fact question *here* as to whether the fees awarded to HLF were appropriate. The Court disagrees. The fact of the matter is that the Court, in its discretion, awarded fees to HLF in the Walmart litigation based on the representations Cuker made in its fee petition. At no point did Walmart argue that the request for fees should be discounted due to "block-billing" or due to HLF's rates. Further, the undersigned carefully reviewed the invoices in the Walmart case at the time the motion for fees was ripe and found that the rates claimed and services described by HLF's attorneys were reasonable.

The law is clear that "[a] guarantor is . . . collaterally liable to the creditor if the principal fails to perform." *First Am. Nat. Bank v. Coffey-Clifton*, 276 Ark. 250, 252 (1982). The obligation remains the same even when the guarantor is "liable jointly with the bankrupt or secondarily for him," since the creditor's rights "are not impaired by the bankrupt's adjudication nor by the bankrupt's discharge." *Id.* (quotation and citation omitted). Indeed, the Arkansas Supreme Court has held that a debtor's discharge of a debt in bankruptcy "does not affect the liability of any other entity [or person] on . . . such debt"—including the liability of the debtor's guarantor. *Id.* (quotation and citation omitted).

In the case at bar, there is no dispute that Atalla is the guarantor of Cuker's debt. Nor is there any dispute that HLF remains unpaid on its bills. Under these circumstances, Atalla lacks standing to contest the reasonableness or amount owed by Cuker to HLF because Atalla cannot collaterally attack issues which Cuker could not attack directly. To find otherwise would be to jeopardize "the integrity of the judicial process." *New Hampshire*, 532 U.S. at 749.

Wright and Miller explain that the doctrine of judicial estoppel exists in order to

prevent a party from "be[ing] allowed to gain an advantage by litigation on one theory, and then seek[ing] an inconsistent advantage by pursuing an incompatible theory." *Id.* (quoting 18 Charles Alan Wright, Arthur Edward Miller, & Edward H. Cooper, Federal Practice and Procedure § 4477, p. 782 (1981)). Put another way, the doctrine prevents a party who "'assumes a certain position in a legal proceeding, and succeeds in maintaining that position,' from later 'assum[ing] a contrary position.'" *Scudder v. Dolgencorp, LLC*, 900 F.3d 1000, 1006 (8th Cir. 2018) (quoting *New Hampshire*, 532 U.S. at 749). Several factors may be considered by the court in determining whether judicial estoppel applies, including whether: (1) "a party's later position [is] 'clearly inconsistent' with its earlier position"; (2) "the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 750-51 (internal quotation marks and citations omitted).

All three factors above militate in favor of finding that Atalla, like Cuker, is judicially estopped from contesting the fees now owed to HLF. First, Cuker's legal position in the Walmart case was that HLF's hourly rates, legal work performed, and total dollar amount of fees claimed were all reasonable. Asserting otherwise in the instant litigation is clearly inconsistent with Cuker's earlier position. Second, Cuker persuaded this Court in the Walmart case that HLF's fee demand was reasonable. Arguing the opposite now is a bold attempt to mislead this Court. Third, Atalla, as Cuker's guarantor, would derive an unfair advantage or impose an unfair detriment on HLF if he were permitted—in Cuker's place—to

assert such wildly inconsistent positions.  Accordingly, the Court, in its discretion, invokes the equitable doctrine of judicial estoppel to find Atalla's arguments as to the reasonableness of HLF's claim for fees to be wholly without merit.  HLF's Motion for Summary Judgment as to Atalla is **GRANTED**, and Atalla's Counter-Motion for Summary Judgment is **DENIED**.

### IV.  CONCLUSION

In light of the above reasoning, **IT IS ORDERED** that the claims against Defendant Cuker Interactive, LLC are hereby **ADMINISTRATIVELY STAYED** pursuant to 11 U.S.C. § 362. The Clerk of Court is **DIRECTED** to **STAY THE CASE AS TO CUKER DUE TO CUKER'S BANKRUPTCY FILING**. Counsel for Cuker is directed to promptly inform the Court once bankruptcy proceedings have concluded.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Entire Case (Doc. 105) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Henry Law Firm's Motion for Summary Judgment (Doc. 92) is **GRANTED IN PART AND DEFERRED IN PART**.  The Motion is **GRANTED** as to separate Defendant Adel Atalla, who, as Defendant Cuker Interactive, LLC's personal guarantor, is liable to Plaintiff Henry Law Firm in the total amount of **$1,201,802.32**, with interest accruing at a rate of 6% per annum until paid in full. The Motion is **DEFERRED** as to Cuker, due to the administrative stay. The Court will take up the remaining issues in the Motion if and when the stay is lifted.

**IT IS FURTHER ORDERED** that Defendant Adel Atalla's Counter-Motion for Summary Judgment (Doc. 112) is **DENIED**.

Judgment as to Atalla will enter separately.

**IT IS SO ORDERED** on this 4th day of January, 2019.

                                            <u>/s/ Timothy L. Brooks</u>
                                            TIMOTHY L. BROOKS
                                            UNITED STATES DISTRICT JUDGE