IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HENRY LAW FIRM,

    Plaintiff,

v.

ADEL ATALLA,

    Defendant.

Case No. 5:18-cv-05066-TLB

## HENRY LAW FIRM'S
## MOTION FOR ATTORNEYS' FEES AND COSTS

Prevailing Plaintiff, for its motion for attorneys' fees and costs, should be awarded its fees and costs now against Atalla. Additional fees and costs can be assessed later when the Cuker bankruptcy stay is ultimately lifted. In support, Prevailing Plaintiff states:

1.    HLF worked diligently, devoting a major portion of the firm's efforts and resources to the Walmart litigation. *See* Case No. 5:14-CV-5262, Doc. 524, pp. 41-43.

2.    Henry Law Firm completely fulfilled its obligations to pursue a case to trial and put the interests of its client Cuker before its own, which is consistent with its professional obligations.

3.    Cuker offered numerous assurances of payment. Cuker never contested any entries on the invoices. Cuker instructed its general counsel Paul Karch to offer specific and explicit assurances of payment as shown by the true and correct email previously offered as Dkt. No. 92-1 at p. 3. Those assurances were false.

4. Henry Law Firm filed this action to collect unpaid legal fees and costs against Cuker pursuant to written contract for legal representation attached as Exhibit 1 to the Complaint at Dkt. No. 1.

5. On May 10, 2018, Cuker and Atalla hired first attorney Eric J. Magnuson of Minnesota who filed a motion to dismiss for lack of personal jurisdiction, alleging lack of adequate contacts with the forum state of Arkansas. On June 18, 2018, the Court denied the motion to dismiss for lack of personal jurisdiction, calling such motion "ludicrous." Dkt. No. 015.

6. On June 25, 2018, Magnuson sought to withdraw from the case and was replaced by second attorney Lloyd W. Kitchens, III of Arkansas. On the same day, third attorney Jeffrey T. Gwynn of California sought to be admitted pro hac vice.

7. On June 25, 2018, in Cuker's Answer to the Complaint, Cuker asserted a counterclaim against HLF for legal malpractice. *See* Case 5:18-cv-05066, Dkt. No. 20. The lawsuit was unverified and comprised wild speculation and false allegations. Such claims were offered in bad faith and without factual or legal support.

8. Henry Law Firm served Rule 11 notice on Cuker and Atalla demanding amendment and retraction.

9. On July 13, 2018, fourth attorney Hani W. Hashem of Arkansas entered his appearance for Cuker and Atalla. Dkt. No. 031.

10. On July 16, 2018, Cuker and Atalla amended the counterclaims. Dkt. No. 032.

11. On July 30, 2018, Henry Law Firm filed a motion to dismiss for failure to state a plausible claim. Dkt. No. 039.

12. On September 4, 2018, fourth attorney Hani W. Hashem of Arkansas sought to withdraw as counsel for Cuker and Atalla. Dkt. No. 066. Cuker's recently-filed bankruptcy schedules suggest Hashem is now also suing Cuker and Atalla for $175,000 in Arkansas Circuit

Court for his month and a half limited involvement in the instant case. Below is a true and correct screenshot of the relevant portions of the bankruptcy schedules filed by Cuker and as personally attested by Adel Atalla:

**Part 3: Legal Actions or Assignments**

7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debto in any capacity—within 1 year before filing this case.

☐ None.

| | Case title / Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | Hashem Law Firm, PLC v. Cuker Interactive, LLC & Adel Atalla / CV-2018-196-4 | Breach of Contract | Arkansas Circuit Court | ■ Pending ☐ On appeal ☐ Concluded |

| 3.17 | Nonpriority creditor's name and mailing address: The Hashem Law Firm, PLC, 437 West Conrad Street, P.O. Box 739, Monticello, AR 71657-0739 | As of the petition filing date, the claim is: Check all that apply. ☐ Contingent ☐ Unliquidated ■ Disputed | $175,000.00 |
|---|---|---|---|
| | Date(s) debt was incurred __ Last 4 digits of account number __ | Basis for the claim: Professional Services / Is the claim subject to offset? ■ No ☐ Yes | |

13. On October 10, 2018, the Court dismissed the first amended counterclaims for failure to state a plausible claim. Dkt. No. 069.

14. On November 2, 2018, fifth attorney Deborah A. Wolfe of California sought entry pro hac vice. Dkt. No. 077.

15. On November 2, 2018, sixth attorney Brian P. Worthington of California sought entry pro hac vice. Dkt. No. 078.

16. On November 14, 2018, third attorney Jeffrey W. Gwynn of California sought to withdraw as counsel for Cuker and Atalla. Dkt. No. 088.

17. On November 23, 2018, Henry Law Firm filed a motion for summary judgment. Dkt. No. 092.

18. On November 27, 2018, Cuker and Atalla sought leave to file a third attempt at stating malpractice counterclaims using its fifth and sixth attorneys. Dkt. No. 095. The same day, Henry Law Firm filed a response in opposition.

19. On November 28, 2018, the Court denied the motion, stating Cuker and Atalla had missed the clear deadline by more than a month to amend pleadings and Cuker offered no good cause to amend, which was required. Dkt. No. 098.

20. One day prior to expiration of all discovery, on December 13, 2018, Cuker gave notice of a Chapter 11 Bankruptcy filing in the Western District of Arkansas. Dkt. No. 104.

21. On December 14, 2018, fifth attorney Deborah Wolfe appeared in Fayetteville, Arkansas to depose Mark Henry for nearly 7 hours. She asked unlimited questions designed to second-guess trial decisions of Mr. Henry, notwithstanding the Court's multiple orders dismissing the wholly implausible and untimely counterclaims.

22. Six days later, fifth attorney Deborah Wolfe of California sought to be relieved of counsel on claim that her continued representation was impossible and withdrawal was legally mandated by ethics rules. Dkt. No. 115. Although she was only on the case for six weeks, according to the bankruptcy schedules, her law firm was paid $192,665.00. A true and correct image of the schedules filed in California is set forth below.

| 3.5. | Wolfe Legal Group, PC<br>402 West Broadway, Ste 400<br>San Diego, CA 92101 | 09/18, 10/18,<br>11/18 | $192,665.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other__ |
|---|---|---|---|---|

23. The Sixth attorney Brian P. Worthington of California also sought relief, invoking mandatory withdrawal. Dkt. No. 117.

24. This should have been a simple case to collect unpaid fees and costs; Cuker and Atalla needlessly and vexatiously compounded the complexity, time and cost of the case and have

- 4 -

abused the legal system by cycling baseless allegations using a myriad of out-of-state attorneys who took were paid handsomely to sign their name to pleadings which have been consistently dismissed for implausibility and untimeliness.

25. The record before the Court shows that Cuker and Atalla directed its carousel of six attorneys to do everything possible to waste time and unfairly leverage the cost of litigation as a bargaining tool.

26. This abuse of the limited resources of the federal judicial system should shock the Court's conscience.

27. After this lawsuit was filed, Adel Atalla went online to LegalZoom to make a fraudulent transfer by divesting his assets by "gifting" a home having estimated value of $672,984 to his son, Osama Atalla for no consideration.

28. The Grant Deed confirms Atalla "*received nothing in return*." A true and correct copy of the copy of the Grant Deed is depicted below. It demonstrates the fraudulent transfer occurred on May 5, 2018 – three weeks after when this lawsuit was filed against Atalla. This is further evidence of Atalla's gamesmanship.

RECORDING REQUESTED BY AND
AFTER RECORDING RETURN TO:
GODEEDS, INC.
ATTN: LEGALZOOM DEPT.
8940 MAIN STREET
CLARENCE, NY 14031
File No. 526644897-52912097

Tax ID No.: 360-602-02-00

## GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s)
DOCUMENTARY TRANSFER TAX is $0.00 CITY TAX $0.00
___ Computes on full value of property conveyed, or
___ Computed on full value less value of liens and encumbrances remaining at time of sale.
___ Unincorporated area: _____ City of SAN DIEGO

_____
Signature of ADEL ATALLA or Agent Determining Tax

FOR NO VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**ADEL ATALLA AND MARIALAINA TABAK, HUSBAND AND WIFE, AS COMMUNITY PROPERTY,**
hereby GRANT(S) to

**OSAMA ATALLA, A SINGLE PERSON,** the following described real property in the City of SAN DIEGO, County of SAN DIEGO, State of California:

LOT 3850 OF CLAIRMONT UNIT NO. 18 IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 4175, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY MAY 13, 1959.

PROPERTY COMMONLY KNOWN AS: 4425 BERTHA STREET, SAN DIEGO, CA 92117

**This is a bonafide gift and the grantor received nothing in return, R&T 11930.

MAIL TAX STATEMENTS TO:
**OSAMA ATALLA**
4422 BERTHA STREET
SAN DIEGO, CA 92117

Assessor's parcel No. 360-602-02-00

IN WITNESS WHEREOF, the said Grantors have hereunto set their hands and seals on this FIFTH day of MAY, 2018.

_____
ADEL ATALLA

_____
MARIALAINA TABAK

29.     Most of the filings in this case by Cuker and Atalla have been meritless and are, objectively, filed to drive up litigation costs and have not been supported by law. The attorneys

representing Atalla and Cuker should be sanctioned for their conduct in repeatedly advancing these scurrilous and legally defective claims.

30. Pursuant to the January 4, 2019 Order at Dkt. # 126, the Court has already identified Atalla's arguments to be "wholly without merit" and "Atalla's post-hoc critique of the bill is a transparent act of bad faith." Accordingly, the Court should logically issue show-cause orders and impose sanctions against the attorneys who were generously compensated (just before Cuker declared bankruptcy as to all of its other creditors) for advancing objectively meritless claims.

31. In support of this motion, Prevailing Plaintiff submits the following:

    a. Exhibit A – Declaration of Timothy Cullen.

        i. Exhibit TJC-1 – Cullen & Company detailed billing records.

        ii. Exhibit TJC-2 – Christy Comstock detailed billing records.

        iii. Exhibit TJC-3 – Taxable Costs advanced for this litigation pursuant to 28 U.S.C. § 1920.

        iv. Exhibit TJC-4 – Biographical information for Tim Cullen.

    b. Exhibit B – Declaration of Attorney Joseph Falasco.

32. Plaintiff also submits a memorandum brief in support of this motion.

WHEREFORE, Henry Law Firm prays that the Court award its attorneys' fees in the amount of $55,819.58 and related taxable expenses totaling $1,620.60

        Respectfully submitted,

        Tim Cullen (#97062)
        P.O. Box 3255
        Little Rock, AR 72203
        Telephone: (501) 370-4800
        tim@cullenandcompany.com
        *Attorney for Henry Law Firm*