**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**HENRY LAW FIRM**                                                                            **PLAINITFF**

VS.                                   **CASE NO. 5:18-CV-5066**

**CUKER INTERACTIVE, LLC and**                             **DEFENDANTS**
**ADEL ATALLA**

**DECLARATION OF DEBORAH A. WOLFE IN SUPPORT
OF RESPONSE IN OPPOSITION TO HENRY LAW FIRM'S
<u>MOTION FOR ATTORNEY'S FEES AND COSTS</u>**

      1.      My name is Deborah A. Wolfe. I am over the age of 18 and am competent to make this declaration based upon my firsthand observations and personal knowledge of the subject matter set forth in this Declaration.

      2.      As counsel of record in this case for Defendants since November 5, 2018, Brian P. Worthington and I were responsible for evaluating and determining what arguments could feasibly be made in opposition to the summary judgment motion filed by Henry Law Firm ("HLF"). Mr. Worthington and I reviewed HLF's billing invoices from the underlying *Walmart* action, and also reviewed the contract for legal representation ("contract") between HLF and Cuker Interactive, LLC ("Cuker"). We were thus aware that HLF had billed for the work of two attorneys at hourly rates in excess of those specified in the contract. Mr. Worthington and I also determined that the contract was not presented to the Court as part of the motion for attorney's fees in the *Walmart* case, and thus did not have the opportunity to evaluate the issue that HLF billed at rates exceeding those authorized by the contract. (A copy of the contract is filed herewith as Exhibit A.)

      3.      As Mr. Worthington and I contemplated the arguments to make in the summary judgment opposition, we knew that our ethical obligations, and our fiduciary duty to our clients,

required us to zealously represent our clients' interests and make all appropriate arguments in order to safeguard those interests. We were also mindful of our obligations as officers of the Court. Because the Court did not previously have the opportunity to evaluate and consider whether HLF billed for the work of its attorneys at rates higher than those authorized by the contract, Mr. Worthington and I determined that this was a reasonable and viable argument to make in the summary judgment opposition. Mr. Worthington and I discussed this at considerable length, and did not make the decision lightly. We were balancing our obligation to zealously represent our clients and also to adhere to our duties as officers of the Court. We intentionally and consciously limited the arguments included in the summary judgment motion to arguments the Court had not been presented with in the *Walmart* case.

4. Mr. Worthington and I also reasoned that there is a distinction between the issue in the *Walmart* case as to whether the HLF fees were reasonable, and the issue in this case, which is whether the fees charged conformed to the terms of the contract. The Court was assessing in the *Walmart* case whether and to what extent HLF's fees were reasonable, such that Walmart could be ordered and compelled to pay those fees to Cuker as the prevailing party in the *Walmart* case. Mr. Worthington and I reasoned that an attorney's fees can be objectively "reasonable" even if the fees do not comply with the terms of a contract between the attorney and a client. Because HLF has alleged a claim for breach of contract, one primary issue in the case is whether the fees charged – even if otherwise reasonable – were properly charged under the terms of the contract. This was another reason that Mr. Worthington and I concluded we could feasibly make the argument in the summary judgment opposition that some fees charged by HLF were at rates exceeding those permitted by the contract.

5. Mr. Worthington and I then discussed this issue further after I took the deposition of HLF's principal attorney, Mark Henry. (I flew from California to Arkansas and attended and

took Mr. Henry's deposition. Mr. Worthington did not attend that deposition.) Exhibits B and C are true and correct copies of portions of the transcript of the deposition of Mark Henry. As Exhibits B and C reflect, Mr. Henry acknowledged at his deposition that some work of attorney John Pesek was billed at rates higher than that specified in the contract. Mr. Henry also acknowledged that the contract did not provide for increases in the billing rates, that HLF did not notify Cuker that it would increase the hourly rate for Adam Hopkins, and did not obtain a modification of the contract to provide for a higher rate for Mr. Hopkins' work. In light of this deposition testimony, Mr. Worthington and I determined there was even more support for an argument that there was at least a triable issue of fact that some work was improperly billed at rates higher than those authorized by the contract.

6. Mr. Worthington and I wanted to include these deposition excerpts as part of the summary judgment opposition. I took Mr. Henry's deposition on Friday, December 14, 2018. The summary judgment opposition was due December 19, 2018. I therefore asked the court reporter for an expedited transcript for the deposition, asking that it be provided by Monday, December 17. The court reporter agreed. I did not receive the transcript on December 17, and thus inquired of the status of the transcript, again requesting that it be provided to me as soon as possible. Unfortunately, the court reporter did not provide the final version of the transcript until 5:33 p.m. Central Time on December 19. (It was sent to me by email.) Not knowing when the final transcript would be provided to us, we had filed the summary judgment opposition at 3:38 p.m. Central Time on December 19 – approximately two hours before we received the Henry deposition transcript.

7. HLF contends in its motion that Henry's deposition lasted almost 7 hours. That is inaccurate. I analyzed the Henry deposition transcript and added up the time of actual deposition

questioning, excluding time for breaks and the lunch recess.  The deposition took 4 hours, 26 minutes.

8. HLF also contends that the questions I asked at the deposition were not proper in light of the Court's earlier dismissal of the counterclaim with claims of legal malpractice and breach of fiduciary duty.  HLF did not attach the Henry deposition transcript or otherwise submit any evidence to support that contention.  I prepared at length for Henry's deposition, and as I prepared my line of questioning, I was mindful of the Court's dismissal of the counterclaim and was careful not to prepare and ask questions that would relate solely to the issues in the dismissed counterclaim.  However, I am also well aware that a deposition is a discovery device designed to explore issues in order find admissible evidence and find other information that might lead to admissible evidence.  I have been practicing law for 38 years, and I am certified by the California State Bar as a specialist in Civil Trial Advocacy, as well as in Legal Malpractice Law.  I know very well that it is necessary, to best protect a client's interests, to ask broad questions at a deposition so that I might learn critical information.  I purposely avoided questioning that would relate solely to issues in the dismissed counterclaim.  I do not consider that a deposition of 4 hours, 26 minutes is unreasonable in light of the issues in this case.

9. Additionally, while the deposition was ongoing, neither Mr. Henry nor HLF's counsel, Tim Cullen, ever once objected to any of my questions.  If an objection had been made to any of my questions, I might not have agreed that the questions were inappropriate, but Mr. Cullen and I could at least have met and conferred on the issue.  Mr. Cullen never did that.  As an experienced litigator, I find it disingenuous – at least – that Mr. Henry and Mr. Cullen never once objected to my questions, but yet now argue that a great many of my questions were somehow inappropriate under the circumstances.

10. HLF also contends that Wolfe Legal Group was paid $192,665 by Cuker. This is not correct. A substantial portion of amounts paid as a retainer remains at this time in Wolfe Legal Group's Client Trust Account as a retainer. The amounts in the Client Trust Account do not belong to Wolfe Legal Group, and are only a retainer for future work. To the extent fees are not billed, the retainer will be returned to the client. Cuker may have listed this $192,665 amount on bankruptcy documentation but the amounts still in the Client Trust Account have not been paid to Wolfe Legal Group because they are not yet earned fees. I cannot further elaborate on this issue as I have the responsibility of maintaining the confidences of my clients.

11. Additionally, this is not the only matter in which Wolfe Legal Group is representing Cuker. Mr. Worthington and I did not appear in this case until November 5, 2018, but Wolfe Legal Group was representing Cuker and providing legal work and advice to Cuker before that on other matters, including an AAA Arbitration in California between Cuker and the Pillsbury firm, which also represented Cuker in the *Walmart* case.

12. Mr. Worthington is Of Counsel to Wolfe Legal Group. He is not a partner in the firm, and therefore does not split a percentage of fees or profits. HLF contends in its motion that Wolfe and Worthington were "paid handsomely" and "generously compensated." But because Worthington is Of Counsel, HLF has no proof as to how "generously" or "handsomely" Worthington was paid. Moreover, Wolfe Legal Group is a corporation. While I am a principal of Wolfe Legal Group, not every dollar paid to Wolfe Legal Group is paid to me. HLF seeks sanctions against Mr. Worthington and me, individually, but is citing to an amount supposedly paid to Wolfe Legal Group to argue that we, individually, have been "generously" or "handsomely" paid. Those two things are apples and oranges. Amounts paid to Wolfe Legal Group do not reflect amounts paid to Mr. Worthington or me.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Dated this 31st day of January, 2019.

                                                   */s/ Deborah A. Wolfe*
                                                   Deborah A. Wolfe

## CERTIFICATION OF SERVICE

I hereby certify that on the 31st day of January, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which shall send notification of such filing to the following:

| Tim Cullen, Esq. | Lloyd "Tre" Kitchens |
|---|---|
| tim@cullenandcompany.com | tkitchens@bradhendricks.com |

                                                   */s/ Deborah A. Wolfe*
                                                   Deborah A. Wolfe