IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HENRY LAW FIRM                                                    PLAINTIFF

V.                      CASE NO. 5:18-CV-5066

CUKER INTERACTIVE, LLC
and ADEL ATALLA                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Now pending before the Court are a Motion for Attorneys' Fees and Costs (Doc. 131) filed by Plaintiff Henry Law Firm ("HLF"), a Motion to Quash Writ of Garnishment (Doc. 142) and Supplement to the Motion to Quash (Doc. 144) filed by Separate Defendant Adel Atalla, and a Rule 54(b) Motion (Doc. 145) filed by HLF.

The Motion for Attorneys' Fees and Costs requests that the Court not only order the payment of fees and costs, but also consider sanctioning Atalla's attorneys "for signing . . . bad faith pleadings" and "for serving as the paid mouthpiece for Atalla's objectively bad-faith litigation tactics." (Doc. 132, p. 3). Accordingly, Atalla's local counsel, Lloyd W. Kitchens, has filed a Response in Opposition to the Motion for Fees and Costs on behalf of Atalla (Docs. 133, 134) that focuses on the propriety of HLF's request for fees and costs, while Atalla's California-based counsel, attorneys Brian P. Worthington and Deborah A. Wolfe, have filed a separate Response on behalf of Atalla (Doc. 136) that focuses on HLF's request for sanctions. HLF has filed a combined Reply (Doc. 140) to both Responses.

The Motion to Quash Writ of Garnishment filed by Atalla and the Rule 54(b) Motion filed by HLF concern the Judgment (Doc. 127) that the Court entered on behalf of HLF and against Atalla on January 4, 2019. The Judgment did not expressly state that it was final

and immediately appealable, in accordance with Federal Rule of Civil Procedure 54(b), which reads as follows:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Atalla contends in his Motion to Quash Writ of Garnishment that HLF should not be permitted to garnish Atalla's assets to satisfy the Judgment because the Judgment was not entered in conformity with Rule 54(b) and therefore is not final and subject to collection. HLF apparently agrees, and it asks the Court in its Rule 54(b) Motion to amend its Judgment against Atalla to conform with Rule 54(b)'s requirements.

Below, the Court will begin its discussion by addressing HLF's Motion for Attorneys' Fees and Costs, as well as for sanctions. Then, the Court will turn to the Motion to Quash Writ of Garnishment along with the Rule 54(b) Motion. As will be explained in greater detail herein, (1) HLF's Motion for Attorneys' Fees and Costs is **GRANTED** as to the request for fees and costs but **DENIED** as to the request for sanctions; (2) HLF's Rule 54(b) Motion is **GRANTED** and an Amended Final Judgment will issue; and (3) Atalla's Motion to Quash the Writ of Garnishment (as execution against the *original* Judgment) is **GRANTED**.

### I. Motion for Attorneys' Fees and Costs

The Motion for Attorneys' Fees and Costs requests fees for HLF's counsel totaling $55,819.58 and costs totaling $1,620.60. It also requests that the Court consider sanctioning Atalla's attorneys for their conduct in prosecuting this case, pursuant to 28

2

U.S.C. § 1927, which permits the Court, in its discretion, to require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

Beginning with the question of fees, the Court looks to the following relevant factors, as set forth by the Arkansas Supreme Court in *Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 229-30 (1990), and cited to with approval by the Eighth Circuit, *see All-Ways Logistics, Inc. v. USA Truck, Inc.*, 583 F.3d 511, 521 (8th Cir. 2009): the amount of time counsel invested in the lawsuit; the appropriateness of counsel's rates, given the experience and ability of the attorneys; the time and labor required to perform the legal services properly; the amount potentially at issue in the case; the results obtained; the novelty and difficulty of the issues involved; and the prevailing rate customarily charged in this area for similar legal services.

Atalla does not seriously contest that the *Chrisco* factors weigh more heavily in HLF's favor. And he specifically concedes HLF's counsel's rate of $300.00 per hour is appropriate, given counsel's experience and abilities. Instead, Atalla argues more generally that the total fee requested is excessive because this case should have been a simple collection matter, and in the end, "judgment was obtained in just months of litigation." (Doc. 134, p. 3). The Court agrees this *could* have been a simple collection case, but it didn't turn out that way. Atalla is solely responsible for running-up HLF's fees, and the current cries of foul ring hollow in the wake of his meritless defenses and intentional tactics of delay. For example, Atalla joined his co-Defendant, Cuker Interactive, LLC ("Cuker"), in initially protesting this Court's jurisdiction and/or venue by filing a Motion

3

to Dismiss or to Transfer (Doc. 7), which was fully briefed, but ultimately (and easily) denied by the Court, see Doc. 15. Then Atalla joined Cuker in filing a meritless Counterclaim and Third Party Complaint for malpractice (Doc. 20), followed by an Amended Counterclaim and Amended Third Party Complaint (Doc. 32), which was the subject of exhaustive briefing before being finally dismissed pursuant to Rule 12(b)(6), see Doc. 69. Atalla restyled these same malpractice allegations as parallel affirmative defenses to HLF's contract claims. Next, the parties engaged in discovery, which resulted in more than one dispute (caused by Atalla's own unreasonable position) and, on one occasion, necessitated a telephone conference with the Court, see Doc. 85. Finally, HLF filed a motion for summary judgment, and Atalla filed a cross-motion—both of which were fully briefed.[1] Along the way this Court witnessed a revolving door of attorneys who appeared of record for Atalla—some of whom were grossly unprepared during their appearances before this Court, (e.g. Doc. 23). In total, the docket reflects six attorneys from five separate law firms who—within a few short months after entering their appearances—sought to withdraw.[2] This start-stop approach was a delay tactic that resulted in no less than five motions for extensions of time and/or continuances. (Docs. 10, 44, 82, 95, and 100).

So, what should have been a "simple" collection case ended up becoming a dragged-out, painful slog to the case's inevitable conclusion. Ultimately, the Court found on summary judgment that the guarantee agreement that Atalla signed was unambiguous

---

[1] And in the meantime, Cuker filed for bankruptcy, which had the effect of staying the collection action proceedings against it. At the same time, Atalla moved the Court to stay the case against him, as well, which the Court declined to do. See Doc. 12, p. 7 ("[T]he Court finds that the administration of justice would be utterly thwarted by staying the case against Atalla.").

[2] Attorneys Wolfe and Worthington initially sought to withdraw for ethical reasons, but subsequently decided to remain of record for the time being.

4

and valid, and that, in light of the fact that Cuker refused to pay the legal bill it owed to HLF, there was no genuine dispute that Atalla was collaterally liable to HLF for Cuker's legal debts. See Doc. 126, pp. 8-9. The Court also found that the amount of damages that Atalla owed to HLF for Cuker's legal bill was established by a judicial order issued in a previously-decided case, and that Atalla was judicially estopped from questioning the bill now. See id. at 10-13. The circumstances of this case were such that the Court was moved to preface its summary judgment decision as follows:

> Atalla's post-hoc critique of [HLF's legal] bill is a transparent act of bad faith. It is a last-ditch attempt to delay paying the bill until after the appeal of the Walmart case has concluded. Atalla's avoidance measures end today.

Id. at 10.

All of the above summarizes why HLF's counsel expended the time they did in litigating this matter. Though Atalla points out an incorrect date on the billing records and disagrees that HLF's counsel should be permitted to charge for time spent driving to the courthouse in Fayetteville from counsel's office in Little Rock for hearings and for time spent addressing settlement offers and proposals, the Court finds that the number of hours claimed by counsel for work performed on the case and the services actually performed by counsel are reasonable. Moreover, considering the time and labor required to perform the legal services properly, the amount at issue in the case, the positive results obtained, and the novelty and difficulty of the issues involved, HLF's counsel's fees were well-earned. The Court therefore awards HLF $55,819.58 in attorneys' fees (160.37 hours at a rate of $300.00 per hour for Mr. Tim Cullen, and 25.70 hours at a rate of $300.00 per hour for Ms. Christy Comstock) and costs in the amount of $1,620.60, pursuant to 28 U.S.C. § 1920.[3]

---

[3] Atalla did not object to HLF's request for costs, and the Court, having reviewed the underlying documentation, finds the request to be reasonable.

5

The Court in its discretion declines to sanction Atalla's attorneys pursuant to 28 U.S.C. § 1927 for their conduct in prosecuting this case.

## II. Motion to Quash Writ of Garnishment and Motion for Entry of Judgment under Rule 54(b)

HLF filed an Application for Writ of Garnishment (Doc. 135) on January 31, 2019, following the issuance of the Court's Judgment (Doc. 127) on January 4, 2019, against Atalla. On February 7, 2019, Atalla filed a Motion to Quash the Writ, arguing that the garnishment should not take place until after the claims against co-Defendant Cuker are fully adjudicated and a final judgment issues as to both Defendants. Relatedly, Atalla pointed out that the Court's Judgment as to Atalla was not certified for immediate appeal under Rule 54(b), and, consequently, the Judgment was not collectible because it was not final.

Atalla filed a notice of appeal (Doc. 137) as to the Judgment on February 4, 2019, in an abundance of caution, and despite the fact that he believed the Judgment was not final and appealable. Atalla's Supplement to the Motion to Quash (Doc. 144) attaches HLF's motion to dismiss the appeal, filed in the Eighth Circuit, in which HLF argues that the Judgment rendered against Atalla was not final and appealable, due to the absence of express language by the Court that there was "no just reason for delay." Fed. R. Civ. P. 54(b); (Doc. 144-1). On February 19, 2019, the Eighth Circuit dismissed Atalla's appeal, agreeing with both parties that the Judgment issued by this Court was not yet final in light of the remaining claims pending against co-Defendant Cuker and the lack of express Rule 54(b) language in the Judgment against Atalla. *See* Doc. 147-1. HLF has now filed a Rule 54(b) Motion asking the Court to modify its original Judgment against Atalla and make

specific Rule 54(b) findings. HLF represents that once an amended judgment is issued, it will re-apply for a new writ of execution, and Atalla will be free to file his appeal.

In the absence of express Rule 54(b) language in the original Judgment, issuance of HLF's Writ of Garnishment was arguably premature, and therefore Atalla's Motion to Quash will be Granted. However, now that the post-judgment motion for fees and costs has been resolved, it is now appropriate for the Court to issue an Amended Judgment to incorporate the Court's rulings above. The Court agrees with HLF that the amended judgment should be treated as final pursuant to Rule 54(b). In doing so, the Court makes a specific finding that there is no just reason to delay final judgment against Atalla, in light of the fact that: (1) Cuker has failed to pay its attorneys' fees owed on the legal services contract between itself and HLF, (2) Atalla is the personal guarantor of Cuker's debt on the legal services contract, and (3) the amount of the debt owed under the legal services contract is not in dispute. For these reasons, and for the reasons set forth in the Court's Memorandum Opinion and Order of January 4, 2019 (Doc. 126), HLF's Rule 54(b) Motion will be granted, and an amended judgment will issue concurrently with this Order.

## IV. CONCLUSION

**IT IS ORDERED** that Plaintiff Henry Law Firm's Motion for Attorneys' Fees and Costs (Doc. 131) is **GRANTED IN PART AND DENIED IN PART**, in that pursuant to Ark. Code Ann. § 16-22-308, Fed. R. Civ. P. 54(d), and 28 U.S.C. § 1920, Plaintiff's request for an award of attorneys' fees in the amount of **$55,819.58** and costs in the amount of **$1,620.60** is **GRANTED**, but its request for sanctions pursuant to 28 U.S.C. § 1927 is **DENIED**.

**IT IS FURTHER ORDERED** that HLF's Rule 54(b) Motion (Doc. 145) is **GRANTED**, and an amended final judgment will issue concurrently with this Order.

**IT IS FURTHER ORDERED** that Defendant Adel Atalla's Motion to Quash Writ of Garnishment (Doc. 142) is **GRANTED**, but without prejudice to HLF seeking issuance of a new writ of garnishment or execution upon the Amended Final Judgment.

**IT IS SO ORDERED** on this 22nd day of February, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE