IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**HENRY LAW FIRM**                                                                             **PLAINTIFF**

**V.**                                  **CASE NO. 5:18-CV-5066**

**CUKER INTERACTIVE, LLC**
**and ADEL ATALLA**                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

On November 23, 2018, Plaintiff Henry Law Firm ("HLF") filed a Motion for Summary Judgment (Doc. 92) against both Defendant Cuker Interactive, LLC ("Cuker") and Defendant Adel Atalla. The Court granted HLF's Motion against separate Defendant Atalla in a Memorandum Opinion and Order issued on January 4, 2019 (Doc. 126), but deferred ruling on the Motion with respect to Cuker. This was because the case against Cuker had been stayed due to Cuker's bankruptcy filing.

On April 1, 2019, Cuker advised the Court, *see* Doc. 160, that the bankruptcy court had issued an order granting limited relief from the stay and permitting this Court to rule on the pending summary judgment motion. Cuker then asked the Court for a deadline of April 12 to respond to HLF's Motion for Summary Judgment. The Court granted the request, and Cuker filed its Response (Doc. 163) and Brief in Support (Doc. 164) on April 12. On April 17, HLF filed a Reply (Doc. 165). The matter is now ripe for resolution.

The Court will forego reciting the background facts of this case, as they are adequately set forth in the Memorandum Opinion and Order that granted summary judgment against Atalla, which the Court incorporates by reference. *See* Doc. 126 at 2-5.

It is well established that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the facts in the light most favorable to the non-moving party, and give the non-moving party the benefit of any logical inferences that can be drawn from the facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212–13 (8th Cir. 1997). The moving party bears the burden of proving the absence of any material factual disputes. Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). If the moving party meets this burden, then the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting then-Fed. R. Civ. P. 56(e)) (emphasis removed). These facts must be "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The nonmoving party must do more than rely on allegations or denials in the pleadings, and the court should grant summary judgment if any essential element of the prima facie case is not supported by specific facts sufficient to raise a genuine issue for trial." *Register v. Honeywell Fed. Mfg. & Techs., LLC*, 397 F.3d 1130, 1136 (8th Cir. 2005) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 324 (1986)).

Cuker contends in its Response to summary judgment that there are genuine, material disputes of fact as to whether HLF's attorneys diligently pursued Cuker's claims in the case of *Wal-Mart Stores, Inc. v. Cuker Interactive, LLC*, Case No. 5:14-CV-5262 ("the Walmart case"). Cuker had entered into a legal services contract with HLF with respect to the Walmart case, and now Cuker balks at paying the fees it requested from the Court for HLF's services. Cuker makes two arguments: (1) that HLF could have done a better job for Cuker in the Walmart case and does not deserve the attorneys' fees that were awarded

by the Court, and (2) that HLF overbilled Cuker by engaging in irregular billing practices and charging excessive hourly rates for certain attorneys.

The Court already explained in its previous Order (Doc. 126) that Cuker, like separate Defendant Atalla, is judicially estopped from contesting the fees now owed to HLF. See id. at 10-14. Cuker petitioned for attorneys' fees and costs in the Walmart case, and the Court reviewed the request and awarded a total of $2,174,073.11 in fees to Cuker. This fee award included fees for all of Cuker's attorneys, including those employed by HLF. See Case No. 5:14-CV-5262, Doc. 524 at 43.

Cuker also makes a curious argument that attorney Mark Henry of HLF, who was lead trial counsel in the Walmart case, moved for fees *on his own,* "without any input from Cuker," and presumably not on behalf of Cuker, even though Cuker was his client. Cuker contends that in light of those facts, the Court should find that the doctrine of judicial estoppel does not apply to bar Cuker from contesting the amount of fees previously awarded by the Court in the Walmart case. (Doc. 164 at 8). This argument is frivolous. Mr. Henry moved the Court for fees (and sanctions) in the Walmart case on behalf of his client, Cuker, and at no point in the course of that lawsuit did Cuker or its principals advise the Court in writing or otherwise that Mr. Henry had been terminated or had otherwise "gone rogue" and was now filing motions without Cuker's permission and consent. The rest of Cuker's arguments attempt to relitigate the Walmart case and second-guess HLF's attorneys' litigation strategy—or else, dispute the rates that were charged by HLF's attorneys and ultimately approved by the Court. Judicial estoppel applies to Cuker, just as it applied to Atalla. As the Court explained in its earlier Order:

> Judicial estoppel upholds the "integrity of the judicial process" by preventing "parties from deliberately changing positions according to the exigencies of

3

the moment," whether in the same legal proceeding or a previous one." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595,598 (6th Cir. 1982)). There is, perhaps, no better example of a party deliberately changing positions according to the financial "exigencies of the moment" than Cuker's and Atalla's behavior in this case.

(Doc. 126 at 10).

The doctrine of judicial estoppel exists in order to prevent a party from "be[ing] allowed to gain an advantage by litigation on one theory, and then seek[ing] an inconsistent advantage by pursuing an incompatible theory.18 Charles Alan Wright, Arthur Edward Miller, & Edward H. Cooper, Federal Practice and Procedure § 4477, p. 782 (1981). Put another way, the doctrine prevents a party who "'assumes a certain position in a legal proceeding, and succeeds in maintaining that position,' from later 'assum[ing] a contrary position.'" *Scudder v. Dolgencorp, LLC*, 900 F.3d 1000, 1006 (8th Cir. 2018) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)). Several factors may be considered by the court in determining whether judicial estoppel applies, including whether: (1) "a party's later position [is] 'clearly inconsistent' with its earlier position"; (2) "the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 750-51 (internal quotation marks and citations omitted).

Upon due consideration, the Court finds that all three factors above militate in favor of finding that Cuker is judicially estopped from contesting the fees now owed to HLF. First, Cuker's legal position in the Walmart case was that HLF's hourly rates, legal work performed, and total dollar amount of fees claimed were reasonable. Asserting otherwise

in the instant litigation is clearly inconsistent with Cuker's earlier position. Second, Cuker persuaded this Court in the Walmart case that HLF's fee demand was reasonable. Arguing the opposite now is a bold attempt to mislead this Court. Third, Cuker would derive an unfair advantage or impose an unfair detriment on HLF if it were permitted to assert such inconsistent positions. Accordingly, the Court, in its discretion, invokes the equitable doctrine of judicial estoppel to find that Cuker's arguments as to the reasonableness of HLF's claim for fees are wholly without merit.

For all these reasons, **IT IS ORDERED** that Plaintiff Henry Law Firm's Motion for Summary Judgment (Doc. 92) as to Defendant Cuker Interactive, LLC is **GRANTED**.[1] Thus, for the same reasons explained in its prior Order (Doc. 126), the Court finds that Cuker is liable to HLF in the sum of **$1,201,802.32**, with interest accruing subsequent to January 4, 2019, at a rate of 6% per annum until paid in full. *Cf.* Doc. 127. Judgment will reflect the fact that Cuker's liability is joint and several with that of separate Defendant Atalla.

---

[1] Cuker does not successfully controvert the methodology by which HLF calculated the amount of fees owed and interest due to it under the legal services contract. *See* Doc. 92-1, Henry Affidavit; Doc. 92-36, Spreadsheet calculating invoices, payments, and interest. The closest Cuker comes to contesting HLF's calculations is objecting to HLF attorney John Pesek's hourly rate, which Cuker complains is higher than what the parties contemplated. The matter of Mr. Pesek's hourly rate, as well as similar objections to HLF's manner of billing and rates charged for other HLF attorneys, was already discussed at length in the Court's Order on summary judgment as to Atalla. *See* Doc. 126 at 11 (explaining that judicial estoppel bars objections to HLF's attorneys' hourly rates, as those rates were already approved by the Court in the Order awarding fees in the Walmart case). Cuker also argues that the amount it owes HLF may be a subject of genuine, material dispute in light of the fact that Mr. Henry "admit[ted] to overbilling Cuker $114,268.55 in paragraph 8 of Doc. 110." (Doc. 164 at 19). The fact is that Mr. Henry made no such admission. Doc. 110 was submitted by attorney Lloyd W. Kitchens on behalf of separate Defendant Atalla. Paragraph 8 of that document is not an "admission" by Mr. Henry, but *an argument by Mr. Kitchens* that HLF overbilled Cuker. The Court considered and rejected that argument in its prior Order. *See* Doc. 126 at 9-12.

**IT IS FURTHER ORDERED** that Plaintiff Henry Law Firm's Motion in Limine (Doc. 120) is **MOOT** in light of the entry of summary judgment.

**IT IS SO ORDERED** on this 24th day of April, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE